**Affirmed as Modified and Opinion Filed March 5, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00613-CV

## ENVISION REALTY GROUP, LLC AND JACKSON POTTER, AND THEIR ATTORNEY DAVID J. POTTER, Appellants
## V.
## CHUAN C. CHEN, Appellee

### On Appeal from the 134th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-17-16534-G

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Appellants Envision Realty Group, LLC, Jackson Potter, and their attorney, David J. Potter, appeal an order dismissing their claims against Chuan C. Chen under Rule 91a and awarding attorney's fees and costs jointly and severally against all Appellants, including their attorney. *See* TEX. R. CIV. P. 91a. In four issues, Appellants contend the trial court erred by granting the motion because it was filed less than 21 days before the hearing, their petition alleged a valid declaratory

judgment claim, and Rule 91a does not authorize awarding fees and costs against their attorney. They also contend the court erred by denying their motion to set aside the order of dismissal based on newly discovered evidence. We conclude the trial court erred by awarding costs and fees against the attorney for Appellants and modify the order to delete that award. In all other respects, we affirm the trial court's order.

## BACKGROUND

This background is taken from the allegations in Appellants' original petition. *See* TEX. R. CIV. P. 91a.6. The petition states it is filed for a declaratory judgment and "for purposes of collection of a judgment against [Chen]." Appellants alleged:

- Appellants are the holders of a judgment against Albert Lutterodt, Chen's former husband. The judgment was appealed and affirmed by this Court and Lutterodt's petition for review was denied by the Texas Supreme Court on October 20, 2017. The judgment is valid and enforceable.

- Chen was married to Lutterodt at all times relevant to this case until an agreed divorce decree was rendered on November 18, 2016. The divorce decree was rendered "near the conclusion of the appeal process" and while Appellants were "prohibited by a supersedeas order" from enforcing the judgment.

- "Said judgment debt was a community debt under the law of Texas. The judgment arose out of actions taken on behalf of [Chen] and himself by [Lutterodt] as the owners of real property consisting of 3 condominium units located in Emily Lane Condominiums." In addition, Chen and Lutterodt were community property owners of a condominium located in the Bent Tree Forest Drive Condos and 33.3 acres located in Red River County, Texas.

- Lutterodt appeared pro se in the divorce action, but two months after the divorce decree, Lutterodt filed bankruptcy represented by the same

–2–

attorney who represented Chen in the divorce. After a year of bankruptcy proceedings and on the motion of the bankruptcy trustee, the bankruptcy court dismissed the bankruptcy case for bad faith filing by Lutterodt and imposed a sanction prohibiting him from filing bankruptcy for a period of eighteen months.

- "The bad faith filing of the bankruptcy case by Lutterodt was based in part by the division of the property utilizing the same lawyer, M. Tayari Garrett, to make an insider transfer of virtually all non-exempt property that would have been available for civil execution for the collection of Plaintiffs' judgment to the Defendant Chuan C. Chen, and all exempt property to Albert Lutterodt in preparation for the filing of a no asset bankruptcy action."

- All properties listed above and perhaps others were acquired during the marriage of Chen and Lutterodt as he acknowledged at a bankruptcy hearing on November 27, 2017. "As community property, the judgment debt owed to the plaintiffs should be subject to execution and sale for the satisfaction of the judgment debts owed to the Plaintiffs."

- Plaintiffs are entitled to a declaratory judgment that the judgment is a "community debt jointly and severally owed by Albert Lutterodt and Defendant Chuan Chen, and that all properties acquired during their marriage is subject to execution to satisfy the said judgment. That a judgment on the original judgment should be entered jointly and severally against Albert Lutterodt and Defendant Chuan C. Chen, for which execution and all other remedies at law should apply to the collection of said judgment."

- Plaintiffs prayed for "a declaratory judgment finding that the judgment . . . is a community debt of [Chen] and [Lutterodt], and that a judgment on the judgment be entered and subject to execution and all other remedies at law for the collection of judgment," costs, and pre- and post-judgment interest.

No exhibits were attached to the petition.

Chen filed a motion to dismiss under Rule 91a on January 16, 2018. Notice of a hearing set for February 5, 2018 was filed the same day. Chen alleged Appellants' cause of action had no basis in law or fact because Family Code section 3.201

precludes her liability for the actions of her ex-husband and the Declaratory Judgment Act precludes Appellants' attempt to rewrite the judgment against Lutterodt. Appellants filed a response in support of the allegations in the original petition with a copy of a transcript of Lutterodt's testimony at a bankruptcy hearing. Appellants did not amend their petition as allowed by Rule 91a.5(b). TEX. R. CIV. P. 91a.5(b).

The trial court heard and granted the motion on February 5, 2018. After Chen submitted an affidavit for her reasonable and necessary costs and attorney's fees, the trial court signed a written order on February 7, 2018 dismissing Appellants' cause of action with prejudice and awarding Chen attorney's fees and costs in the amount of $12,664.50 jointly and severally against Appellants and their attorney, David Potter.

On March 7, 2018, Appellants filed a motion to set aside the order of dismissal based on newly discovered evidence. They also filed an amended petition raising additional causes of action. Appellants argued their original petition alleged sufficient facts to show they had a right to a declaratory judgment. In addition, they developed new evidence after the February 5 hearing that would enable them to file additional causes of action against Chen, her husband, and her attorney. Appellants attached affidavits and documentary evidence to the motion to set aside. They argued for the first time that the motion to dismiss was not filed twenty-one days before the

hearing and, in the alternative, sought to modify the order to remove their attorney's joint and several liability for the costs and attorney's fees. The trial court denied the motion to set aside the order of dismissal on March 26, 2018.[1]

## STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1. Dismissal is appropriate under Rule 91a if the allegations made in the petition, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought or no reasonable person could believe the facts pleaded. *See id.* When considering a motion to dismiss, the court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59" of the rules of civil procedure. TEX. R. CIV. P. 91a.6. We review the merits of a motion to dismiss pursuant to Rule 91a de novo because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). We apply the fair-notice pleading standard in determining whether the allegations in the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Family Properties,*

---

[1] Chen filed a motion for additional attorney's fees incurred in responding to the motion to set aside on April 5, 2018. The trial court signed an order granting Chen's motion in part on May 3, 2018. In a separate order, this Court determined the May 3, 2018 order was signed outside of the trial court's plenary power, vacated that order, and dismissed the appeal and cross-appeal with respect to that order.

–5–

*LP*, 559 S.W.3d 634, 639–40 (Tex. App.—Dallas 2018, pet. denied).

**DISCUSSION**

**A. 21 Day Filing Requirement**

In their first issue, Appellants complain that Chen's motion to dismiss was not filed twenty-one days before the hearing as required by Rule 91a.3(b). According to the docket sheet, Chen's motion to dismiss and amended motion to dismiss were filed on January 16, 2018. The motion to dismiss was heard on February 5, 2018, only twenty days later. Chen argues that Appellants failed to preserve any complaint about the filing because they did not notify the trial court and request a continuance before the hearing. We agree.

While a Rule 91a motion to dismiss must be filed twenty-one days before the hearing, the nonmovant is entitled to only fourteen days' notice of the hearing. TEX. R. CIV. P. 91a.3(b), 91a.6. Appellants received more than fourteen days' notice of the hearing and did not complain about the late filing until their motion to set aside filed after the hearing. To preserve a complaint about lack of notice, a party must bring the lack of adequate notice to the trial court's attention at the hearing and object to the hearing going forward or move for a continuance. TEX. R. APP. P. 33.1(a); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.).

Appellants argue they preserved their complaint by raising it in their motion

to set aside the order of dismissal. However, when a party receives notice of a hearing sufficient to enable to the party to attend, the party must file a motion for continuance or raise the complaint about late notice before or during the hearing. *See Odam*, 2017 WL 3634274, at *4; *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560–61 (Tex. App.—Dallas 2003, pet. denied). A party may preserve error in a post-trial motion only when the party was not given notice of the hearing or was deprived of its right to seek leave to file a late response. *Nguyen*, 108 S.W.3d at 560–61. Here, Appellants received timely notice of the hearing and filed a timely response to the motion. Accordingly, their motion to set aside the order of dismissal was insufficient to preserve the complaint for appeal. We overrule Appellants' first issue.

### B. Motion to Dismiss

Appellants argue in their second issue that the trial court erred by granting the motion to dismiss. Their fourth issue contends the trial court erred by denying their motion to set aside based on newly discovered evidence.

Because appellants did not amend their petition at least three days before the hearing, we consider only the allegations in the original petition. TEX. R. CIV. P. 91a.5(b). In making their arguments on appeal, Appellants rely on facts and evidence that were never alleged in their original petition. When considering and ruling on a motion to dismiss, the trial court "may not consider evidence" and "must decide the

motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. Thus, we do not consider the evidence offered by Appellants and decide the motion based solely on the pleading of the cause of action.

As stated in the original petition, Appellants seek a declaratory judgment that the judgment against Lutterodt is a community debt jointly and severally owed by Lutterodt and Chen and that all community property is subject to execution to satisfy the judgment. Specifically, they requested that a "judgment on the original judgment should be entered jointly and severally against" Lutterodt and Chen.

A declaratory judgment is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Beadle*, 907 S.W.2d at 467 (quoting *Bexar–Medina–Atascosa Ctys. Water Control & Improvement Dist. No. 1 v. Medina Lake Protection Ass'n*, 640 S.W.2d 778, 779–80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)). The declaratory judgment act does not enlarge the trial court's jurisdiction; it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam).

Appellants' contend the judgment against Lutterodt is a "community debt" for which Lutterodt and Chen are jointly and severally liable. The term "community debt" is a concept often misused to impose liability on a spouse who did not incur the debt. *Tedder v. Gardner Aldrich, LLP*, 421 S.W.3d 651, 654 (Tex. 2013). Rather, a person's liability for debts incurred by their spouse is determined by statute. *Id*. at 655. By statute, a person is only liable for the acts of their spouse if the spouse acts as their agent or the spouse incurs a debt for necessaries.[2] TEX. FAM. CODE ANN. § 3.201(a). Except as otherwise provided, "community property is not subject to a liability that arises from an act of a spouse." *Id*. § 3.201(b). Furthermore, a "spouse does not act as an agent for the other spouse solely because of the marriage relationship." *Id*. § 3.201(c).

Appellants contend they alleged that Lutterodt acted as Chen's agent when they stated the judgment arose out of actions "taken on behalf of [Chen] and [Lutterodt]" by Lutterodt as owners of real property. However, Chen and Lutterodt were joint owners because the property was community property. There are no facts alleged that Lutterodt was expressly or impliedly authorized to act for Chen in dealing with Appellants. *See Crooks v. M1 Real Estate Partners, Ltd.*, 238 S.W.3d 474, 483 (Tex. App.—Dallas 2007, pet. denied) (discussing agency principles). Rather, Appellants' agency argument is based on nothing more than the fact that

---

[2] Appellants do not argue the judgment debt was for necessaries as defined by the Family Code.

Chen was married to Lutterodt. But marriage alone is insufficient to establish agency. TEX. FAM. CODE ANN. § 3.201(c). In other words, "[m]arriage itself does not create joint and several liability." *Tedder*, 421 S.W.3d at 655 (quoting Tom Featherston & Allison Dickson, *Marital Property Liabilities: Dispelling the Myth of Community Debt*, 73 Tex. Bar J. 16, 19 (2010)).

A more fundamental problem exists with Appellants' declaratory judgment claim. As argued in the motion to dismiss, Appellants attempt to use the declaratory judgment claim to modify the prior judgment against Lutterodt to impose joint and several liability on Chen. However, a declaratory judgment action may not be used to collaterally attack, modify, or interpret a prior judgment. *Dallas Cty. Tax Collector v. Andolina*, 303 S.W.3d 926, 930 (Tex. App.—Dallas 2010, no pet.); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353–54 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he use of a declaratory judgment suit to interpret a judgment of the same or another court is an impermissible collateral attack on the previous judgment."); *Cohen v. Cohen*, 632 S.W.2d 172, 173 (Tex. App.—Waco 1982, no writ); *see also Depumpo v. Thrasher*, No. 05-14-00967-CV, 2016 WL 147294, at \*5 (Tex. App.—Dallas Jan. 13, 2016, no. pet.) (mem. op.). Appellants' attempt to impose joint and several liability on Chen through a declaratory judgment has no basis in law under the facts alleged.

Appellants next rely on the allegation that Lutterodt's bankruptcy case was

dismissed "for bad faith filing" based in part on the division of the property to make an "insider transfer" of non-exempt property to Chen and exempt property to Lutterodt. Appellants argue this allegation entitles them to several remedies under the Declaratory Judgment Act. Appellants cited no authority in the trial court and cite none on appeal that a bad faith filing in bankruptcy gives rise to a cause of action against the debtor's former spouse and we have found none.

Appellants also claim the bad-faith allegation supports the inference of a potential cause of action for civil conspiracy to violate the Uniform Fraudulent Transfer Act (UFTA). *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013. However, in the petition, Appellants never cited to the UFTA, never alleged the property division was made with the actual intent to hinder, delay, or defraud creditors, and never sought a declaration that the property division should be set aside as a fraudulent transfer. *See id*. § 24.005(a) (transfer is fraudulent as to creditor if debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor" or without receiving equivalent value in exchange for the transfer). Nor did they seek any of the remedies provided by the UFTA. *See* TEX. BUS. & COM. CODE ANN. § 24.008. While evidence of a transfer to an insider is one factor to consider in determining actual intent to defraud, that fact alone does not support a conclusion the transfer constitutes a fraudulent transfer. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 843 (Tex. App.—Dallas 2006, no pet.). In short, the original petition

–11–

did not give fair notice that Appellants actually sought relief under the UFTA.

Appellants contend on appeal that under Section 3.202(d) all community property is subject to tortious liability of either spouse incurred during the marriage. *See* TEX. FAM. CODE ANN. § 3.202(d). They then assert that the judgment against Lutterodt was for defamation, a tort, and for attorney's fees under the condominium act. However, these contentions were never stated in the petition. The judgment was not attached to the petition and there is no allegation that the judgment was for a tort or attorney's fees. Appellants also contend they should be entitled to develop evidence of whether the property was subject to Lutterodt's sole or joint management, control, and disposition because such property would be subject to Lutterodt's liabilities under Section 3.202(c). TEX. FAM. CODE ANN. § 3.202(c). But, again, this legal theory was never alleged in the original petition.

Many of Appellants' arguments on appeal are premised on the assertion they hold a judgment lien pursuant to an abstract of judgment filed in Dallas County. However, the petition never mentions an abstract of judgment. Nor does it seek to enforce a judgment lien against any property. The mere rendition of a judgment does not create a lien or other property right. *See Citicorp Real Estate, Inc., v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied). To establish a lien on real property, a judgment creditor must comply with the statutory requirements for abstracting and recording the judgment

in any county where the debtor has real property. *See* TEX. PROP. CODE ANN. § 52.001; *Hoffman, McBryde & Co., P.C. v. Heyland*, 74 S.W.3d 906, 908–09 (Tex. App.—Dallas 2002, pet. denied). Appellants' mere allegation of the existence of a judgment did not give fair notice that they held a valid abstract of judgment lien and were seeking to enforce that lien.

Considering the allegations in the original petition, taken as true, together with inferences reasonably drawn from them, we conclude the allegations do not entitle Appellants to the relief sought and the cause of action has no basis in law or fact. We overrule Appellants' second issue.

Regarding the motion to set aside, Appellants presented what they characterized as newly discovered evidence to support their arguments for setting aside the order. However, Rule 91a prohibits a court from considering evidence when ruling on a motion to dismiss. TEX. R. CIV. P. 91a.6. If we were to allow Appellants to avoid dismissal under Rule 91a based on evidence presented in a motion to set aside an order, we would circumvent the express language of the Rule prohibiting the consideration of evidence. Accordingly, we overrule Appellants' fourth issue.

## C. Attorney's fees

In their third issue, Appellants' argue the trial court erred by awarding attorney's fees and costs against their attorney. Because the action was commenced

before September 1, 2019, the prior version of Rule 91a.7 applies.[3] Under that version, once the trial court has ruled on the motion, it must award costs and reasonable and necessary attorney's fees to "the prevailing party on the motion." *See* TEX. R. CIV. P. 91a.7 ("the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court"). The trial court must consider evidence regarding costs and fees when determining this award. *Id.* Chen prevailed on the motion to dismiss and submitted evidence of her reasonable and necessary attorney's fees and costs. In the order of dismissal, the trial court awarded attorney's fees and costs to Chen jointly and severally against Appellants and their attorney.

Under the American Rule, attorney's fees are not awarded unless a statute or contract authorizes them. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (orig. proceeding). "Any award of fees is limited by the wording of the statute or contract that creates an exception to the American Rule." *JCB, Inc. v. Horsburgh & Scott Co.*, No. 18-1099, 2019 WL 2406971, at *8 (Tex. June 7, 2019).

Rule 91a.7 does not expressly state that fees may be awarded against a party's attorney. In general, an attorney is not liable to an opposing party "for actions taken in connection with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*,

---

[3] The rule was amended effective September 1, 2019 to make the award of costs and fees discretionary. TEX. R. CIV. P. 91a cmt. 2019.

467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). Rule 91a.7 requires only the award of reasonable and necessary attorney's fees and costs to the prevailing party. TEX. R. CIV. P. 91a.7. The Rule does not state that the award is a sanction or that it may be awarded against the attorney representing the non-prevailing party. In contrast, other rules permit sanctions, including attorney's fees, to be awarded against the attorney for a party, the party, or both for misconduct in litigation. *See* TEX. R. CIV. P. 13, 215; *Cantey Hanger*, 467 S.W.3d at 482 ("other mechanisms are in place to discourage and remedy such [wrongful] conduct, such as sanctions, contempt, and attorney disciplinary proceeding"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004 (court may impose sanction on the person, a party represented by the person, or both for violating section 10.001).

If the intent of Rule 91a.7 was to allow an award of costs and fees against an attorney representing a party, the Rule would expressly state such as do Rules 13 and 215. Because Rule 91a.7 does not allow the award of costs and fees against the attorney representing a party, the trial court erred in awarding costs and fees in this case jointly and severally against Appellants and their attorney. We sustain Appellants' third issue and modify the order granting the motion to dismiss to delete the award of fees and costs against David Potter.

## CONCLUSION

We conclude the allegations in the original petition do not entitle Appellants to the relief sought and the cause of action has no basis in law or fact. We also conclude the trial court erred by awarding costs and fees against the attorney for Appellants and modify the order to delete that award. In all other respects, we affirm the trial court's order.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180613F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

ENVISION REALTY GROUP, LLC
AND JACKSON POTTER, AND
THEIR ATTORNEY DAVID J.
POTTER, Appellants

No. 05-18-00613-CV          V.

CHUAN C. CHEN, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-16534-
G.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the trial court's
February 7, 2018 order is **MODIFIED** to delete the award of attorney's fees and
costs against David J. Potter. In all other respects, the trial court's order is
**AFFIRMED**.

It is **ORDERED** that appellee Chuan C. Chen recover her costs of this
appeal from appellants Envision Realty Group, LLC and Jackson Potter.

Judgment entered this 5th day of March, 2020.